**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**

| | |
|---|---|
| SOUTH CAROLINA GAMBLING RECOVERY LLC,<br>*Plaintiff*,<br>v.<br>UNDERDOG SPORTS HOLDINGS, INC., ET AL.,<br>*Defendants*. | Civil Action No. 8:26-cv-02182-SAC |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY (DKT. 111)**

Plaintiff South Carolina Gambling Recovery LLC respectfully submits this response to Defendants' Notice of Supplemental Authority concerning an unpublished order by the Massachusetts Superior Court in *Massachusetts Gambling Recovery LLC v. Blazesoft, Ltd.*, No. 2584CV01502-BLS2 (Mass. Super. Oct. 8, 2026) ("Order"). That Order does not help Defendants.

In *Massachusetts Gambling Recovery*, the Massachusetts trial court recognized (correctly) that "[w]hether a party is bound by an arbitration clause is a gateway dispute for the court, and not the arbitrator, to decide in the first instance." Order 6 (cleaned up). It further noted (also correctly) that *state* contract law principles control, including as to claims falling within the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. *Id.* at 7 n.11, 8. Then, applying Massachusetts contract law (at 9-20), it concluded that a party suing under a third-party provision in the Massachusetts gambling loss-recovery statute could be compelled to arbitrate under the terms of an agreement it never signed. Whatever the merits of that holding under Massachusetts law, the same approach—looking to *state* contract law to determine whether a contract to arbitrate binds a party at all—forecloses arbitration here. *See* Dkt. 72 at 9-38.

The Massachusetts trial court treated that plaintiff's claims as derivative of individual gamblers' claims, based on its own analysis of historical Massachusetts decisions. *See* Order 10-14. Its central analogy rested on a Massachusetts rule binding wrongful-death plaintiffs to a decedent's arbitration agreement. Order 13-14. But the South Carolina Supreme Court has rejected a freestanding "derivative" theory of that kind. Dkt. 72 at 21. And the analogy fails on its own terms under South Carolina law: a wrongful-death beneficiary may sue only if the decedent could have, while Plaintiff may sue only because the gamblers no longer can; and a wrongful-death action benefits the decedent's family, while a S.C. Code Ann. § 32-1-20 action recovers a penalty shared with the county. *Id.* at 24-25. Indeed, the Massachusetts court stressed that, under its statute, "the government receives no share of the recovery," Order 13; under South Carolina's, the county government receives half the recovery. S.C. Code Ann. § 32-1-20.

The Massachusetts trial court similarly applied (at 17-22) Massachusetts estoppel principles that South Carolina has foreclosed. It permitted estoppel without findings of detrimental reliance and prejudice, relying on two previous Massachusetts trial court decisions that Plaintiff already addressed. Order 21; *see* Dkt. 72 at 29-31. South Carolina equitable estoppel law requires detrimental reliance, and even under the federal direct benefits theory, the Massachusetts courts' reasoning fails. Dkt. 72 at 9-20, 28-29. The Massachusetts trial court also invoked a Massachusetts "policy favoring arbitration" and dismissed the statute as "ancient" and "arguably anachronistic." Order 21. But South Carolina has "no public policy" "'favoring' arbitration," and its courts are not at liberty to rewrite statutes that the General Assembly has maintained. Dkt. 72 at 6; Dkt. 70 at 48-49.

Last, the Massachusetts trial court's discussion of Federal Arbitration Act (FAA) preemption (at 16-17) has no bearing here, as no Defendant has raised that issue. While the court

held that the FAA preempts arbitration-specific contract *defenses*, it recognized that "Massachusetts contract law determine[s] whether nonsignatories can be compelled to arbitrate" *at all*. Order 8. Here, South Carolina contract law provides a clear answer—just not the one Defendants seek.

Date: October 23, 2026

Respectfully submitted,

*/s/ Christopher Mills*

Christopher Mills (Fed. Bar No. 13432)
SPERO LAW LLC
557 East Bay Street #22251
Charleston, SC 29413
Tel.: (843) 606-0640
cmills@spero.law

Harold Watson Gowdy, III
TREY GOWDY LAW FIRM LLC
P.O. Box 3324
Spartanburg, SC 29304
Tel.: (864) 373-2251
trey@treygowdylawfirm.com

James Bannister
BANNISTER AND WYATT
P.O. Box 10007
Greenville, SC 29603
Tel.: (864) 298-0084
jbannister@bannisterwyatt.com

*Counsel for South Carolina Gambling Recovery LLC*